IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DARWIN ALANZO FUENMAYOR CARRUYO,<br><br>Petitioner,<br><br>v.<br><br>DERRICK CUNNINGHAM, Sheriff, Warden of the Montgomery County Jail, et al.,<br><br>Respondents. | ) | CIVIL ACTION NO. 2:26cv932-MHT (WO) |

# ORDER

On November 5, 2026, petitioner Darwin Alanzo Fuenmayor Carruyo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks an order directing respondents to release him immediately under reasonable conditions, or in the alternative, provide him with a bond hearing in front of an immigration judge.

Under 28 U.S.C. § 2243, "[a] court, justice or judge entertaining an application for a writ of habeas

corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Here, upon review of the application, it appears that Carruyo may be entitled to relief. Therefore, the court will issue an order to show cause.

Section 2243 further provides that "[t]he ... order to show cause ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. ... When the ... order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed[, and the] court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." *Id.*

Because the statute calls for an expedited hearing schedule, efficient resolution of the issues is of

heightened importance. Moreover, 28 U.S.C. § 1657(a) provides that "the court shall expedite the consideration of any action brought under chapter 153 ... of this title[, which includes 28 U.S.C. § 2241]." Based on the facts alleged in the petition, the court finds that the production of relevant documents is "necessary ... in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (quoting 28 U.S.C. § 1651). Therefore, the court will order respondents to produce relevant documents along with their response to the order to show cause.

Furthermore, to preserve the status quo and the court's jurisdiction, and to allow prompt production of petitioner for a hearing on the petition as required by 28 U.S.C. § 2243,* the court will order respondents not

---

* "Unless the application for the writ and the return present only issues of law the person to whom

to transfer petitioner Carruyo out of the district until further order of the court and to return him to this district if he has already been moved. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

***

Accordingly, it is ORDERED that:

(1) The clerk of court is DIRECTED to email a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this order immediately to the United States Attorney for the Middle District of Alabama; and to promptly serve the petition, the motion (Doc. 2), this order, and any summons by certified mail to Derrick Cunningham, Sheriff, Montgomery County Sheriff's Department, 115 South Perry St., Montgomery,

---

the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243.

AL 36104; Christopher Bullock, Field Office Director, New Orleans Immigration and Customs Enforcement (ICE) Field Office, 181 James Dr. W., St. Rose, LA 70087; David J. Venturella, Acting Director of U.S. ICE, Office of Executive Secretary, U.S. Department of Homeland Security, Mail Stop 0525, Washington, DC 20528; Markwayne Mullin, Secretary of the Department of Homeland Security, Office of Executive Secretary, U.S. Department of Homeland Security, Mail Stop 0525, Washington, DC 20528; Todd Blanche, Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001; and Thomas R. Govan, Jr., United States Attorney, United States Attorney's Office, Middle District of Alabama, 131 Clayton St., Montgomery, AL 36104. All costs of service shall be advanced by the United States.

(2) By November 13, 2026, respondents shall "make a return certifying the true cause of the detention", 28 U.S.C. § 2243, and shall show cause, if any there be,

as to why the petition should not be granted.

(3) The appropriate federal immigration respondent(s) shall file and serve with the return the unredacted, nonprivileged records reasonably available to the government that identify or support the asserted statutory and factual basis for petitioner's present detention, including but not limited to:

a. any charging document or notice to appear, including the date and time of issuance and title of the issuing officer;

b. any Record of Deportable/Inadmissible Alien or Form I-213, or any other incident report relating to petitioner's arrest or detention, including the date and time of the encounter and title of the arresting officer;

c. any administrative warrant or Form I-200 relating to petitioner's arrest or detention, including the date and time of issuance and title of the issuing officer;

d. any custody determination, Form I-286, parole decision, or custody-review decision and the factual basis relied upon for these decisions, including the date and time of the review and title of the reviewing officer;

e. any record identifying the statutory provision under which petitioner is presently detained, and any record relied upon in making this determination;

f. any record of requests made by petitioner for a custody determination, redetermination, or bond hearing, including the date, time, and status of such requests; and

g. any records showing the docket for and status of petitioner's case in the immigration proceedings against him, and any filings and orders in those proceedings.

(4) Petitioner may file and serve a traverse (reply) within three days after he is served the return

and accompanying records.

(5) To allow prompt production of petitioner for a hearing on the petition as required by 28 U.S.C. § 2243, respondents shall not remove petitioner Carruyo from the Middle District of Alabama, the State of Alabama, or the United States until further order of this court, and if Carruyo has already been removed from the Middle District of Alabama, the government shall return him to this district forthwith and immediately notify the court when he has been returned.

DONE, this the 10th day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE